IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| TONY J. URTEAGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00019-H-BU |
| | § | |
| BRIDGESTONE AMERICAS INC. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion to Dismiss (Dkt. No. 6), filed by Defendant Bridgestone
Americas Inc. ("Bridgestone"). By a standing order of reference, United States District Judge
James Wesley Hendrix referred this action to the undersigned for pretrial management under 28
U.S.C. § 636(b). For the reasons stated, the undersigned recommends that Defendant's motion be
granted.

BACKGROUND

This lawsuit is the second action brought by Plaintiff Tony J. Urteago ("Plaintiff") asserting
a claim against Bridgestone for $10,000 for "refusing to pay back" premiums for long- and short-
term disability insurance. *See* Dkt. No. 1 at 8. Plaintiff worked for Bridgestone from 1983 to 2005,
until he was injured while working at a Bridgestone retail affiliate in Abilene, Texas. *See* Dkt. No.
10 at 15–17, 22. After the injury, Plaintiff allegedly asked his manager for information about
applying for disability benefits but was told that he did not have an "LTD" (long term disability)
fund. *Id*. at 29. Four years later, in 2009, Plaintiff applied for LTD benefits but was denied. *Id*. at
22, 29.

On January 2, 2019, Plaintiff filed a state court action in Tom Green County, Texas requesting $10,000 from Bridgestone for the refund of his long- and short-term disability premiums. *See* Dkt. No. 1 at 8 in *Urteago v. Bridgestone*, Civil Action No. 6:19-cv-0005-C (hereafter, the "2019 Lawsuit"). Bridgestone removed the state court action to federal court on February 5, 2019, on the basis that Plaintiff's claim arose under a Long Term Disability plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. *See* Dkt. No. 1 at 1–2 in No. 6:19-cv-0005-C. Subsequent to removal, Bridgestone filed a motion to dismiss Plaintiff's claim on the grounds that it was time-barred.  *See* Dkt. No. 3 in No. 6:19-cv-0005-C. Plaintiff never responded to Bridgestone's motion to dismiss in the 2019 Lawsuit. The Court granted Bridgestone's motion to dismiss "for the reasons argued therein" and dismissed Plaintiff's claims. *See* Dkt. No. 6 in No. 6:19-cv-0005-C. Final judgment was entered in favor of Bridgestone on March 27, 2019. *See* Dkt. No. 7 in No. 6:19-cv-0005-C.

Plaintiff filed a second petition in state court on June 6, 2019, again requesting $10,000 for the refund of Plaintiff's premiums paid for long- and short-term disability benefits. *See* Dkt. No. 1 at 8. Bridgestone again timely removed the action to this Court on the basis that Plaintiff's claim arose under ERISA. *Id*. at 1. On March 3, 2020, Bridgestone moved to dismiss the current action, arguing that Plaintiff's claim is barred by the doctrine of *res judicata*, and in the alternative, that Plaintiff's claim is time-barred. *See* Dkt. No. 6 at 2-4.

The Court received an untimely response from Plaintiff on June 4, 2020. *See* Dkt. No. 10. In his filing, Plaintiff resubmitted supporting documentation from the 2019 Lawsuit, made additional statements related to his allegedly wrongful termination, and requested that the Court consider "new evidence," including a pay stub from 1992. *See id*. at 1–3. Bridgestone filed a reply, noting that nothing in Plaintiff's filing addressed the basis for Bridgestone's motion to dismiss,

namely the *res judicata* effect of the Court's prior order of dismissal and final judgment. Dkt. No. 11 at 1.

DISCUSSION AND ANALYSIS

Bridgestone is entitled to dismissal of this action under Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff's claim is barred by *res judicata*.

*Res judicata* is an affirmative defense which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citations omitted).

Thus, "[d]ismissal on res judicata grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings." *Torres v. Wells Fargo Bank, N.A.*, 2014 WL 12591732, at *1 (W.D. Tex. Apr. 28, 2014) (citing *Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010)). The Court may take judicial notice of prior pleadings and orders in finding that claims are barred by *res judicata. See Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

"The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action

was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).

The Fifth Circuit applies a "transactional test" when determining whether two suits involve the same claim or cause of action. *See Petro- Hunt, LLC v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). "Under the transactional test, [the Court's] inquiry focuses on whether the two cases under consideration are based on 'the same nucleus of operative facts.' The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted). If the nucleus of operative facts is the same, "the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id*. (citing *Petro-Hunt*, 365 F.3d at 395) (internal quotation marks omitted).

*Res judicata* "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." *Palmer v. Fed. Home Loan Mortg. Corp.*, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983)). A plaintiff cannot "merely assert a new fact to sidestep the *res judicata* roadblock." *Phalanx Grp. Int'l v. Critical Sols. Int'l*, 2020 WL 2114818, at *8 (N.D. Tex. May 4, 2020) (citations and punctuation omitted). "In order for new facts to constitute a new cause of action and thus allow a claim to be relitigated, those facts must be both significant and create new legal conditions." *Id*. (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 851 (5th Cir. 1989)) (internal quotation marks omitted).

In this case, the elements of *res judicata* are apparent on the face of the pleadings. The Court takes judicial notice that this is the second lawsuit removed to this Court in which Plaintiff

requests a $10,000 refund of his long- and short-term disability premiums from Bridgestone. *See Reneker v. Offill*, 2012 WL 2158733, at *12 (N.D. Tex. June 14, 2012) ("Courts can take judicial notice, for example, of the existence of a prior judgment for the limited purpose of proving that a judgment was entered . . . or of 'a document filed in another court . . . to establish the fact of such litigation and related filings[.]'") (quoting *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007))).

Plaintiff's Petition in this 2020 lawsuit is virtually identical to the Petition filed in the 2019 Lawsuit. *Compare* Petition [Dkt. No. 1 at 8], in No. 6:19-cv-0005-C, *with* Petition [Dkt. No. 1 at 8], No. 6:20-cv-00019-H-BU. Because Plaintiff brought suit against Bridgestone in the 2019 Lawsuit, the parties are identical and the first requirement of *res judicata* has been met. And the final judgment in the 2019 Lawsuit was entered by this Court—a court of competent jurisdiction, satisfying the second requirement.

Although the order of dismissal on which the Court's final judgment was based did not expressly state that Plaintiff's claims were dismissed with prejudice, under Federal Rule of Civil Procedure 41(b), "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) *and any dismissal not under this rule*—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." (emphasis added). The Court's order of dismissal incorporated the arguments in Bridgestone's motion to dismiss. Because it was not a jurisdictional dismissal or did not otherwise qualify as an exception to the general rule, the Court's dismissal was a final judgment on the merits, satisfying the third requirement of *res judicata.*

Finally, the same causes of action were involved in both lawsuits. As noted above, Plaintiff's Petition in this lawsuit is virtually identical of the Petition in the 2019 Lawsuit. In both

instances, Plaintiff's sole claim is for $10,000 for Bridgestone's failure to pay back his long- and short-term disability premiums. In the current lawsuit, Plaintiff attempts to include additional information about his allegedly wrongful termination and "new evidence" in the form of a pay stub. But these facts are not significant enough to create new legal conditions. Plaintiff includes no information that would indicate that his claims are not barred by *res judicata*, or in the alternative, time-barred. Therefore, the additional facts Plaintiff includes in the current suit do not constitute a new cause of action that would allow Plaintiff's claim to be relitigated *See Phalanx Grp. Int'l*, 2020 WL 2114818, at *8.

The undersigned therefore finds Plaintiff's present lawsuit is barred by *res judicata*, and Bridgestone's Motion to Dismiss should be granted. The undersigned further recommends that this case be dismissed with prejudice and without giving Plaintiff any further opportunities to amend, because such an amendment would be futile. *See Ransom v. Nat'l City Mortg. Co.*, 2014 WL 717198, at *6 (N.D. Tex. Feb. 25, 2014) ("Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal[,]" but it is not required, where "granting leave to amend would be futile and cause needless delay.").

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Defendant's Motion to Dismiss be granted, and that all of Plaintiff's claims against Defendant be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 16th day of December, 2020.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE